# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re*: **C.J. and M.S.**

**No. 16-0871** (Roane County 16-JA-1 & 16-JA-2)

**FILED**

**May 22, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother M.M., by counsel Ryan M. Ruth, appeals the Circuit Court of Roane County's August 17, 2016, order terminating her parental rights to C.J. and M.S.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Ann Harold Ashley, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying her request for a post-adjudicatory improvement period.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In January of 2016, the DHHR filed an abuse and neglect petition against petitioner. Specifically, the petition alleged that petitioner failed to send the children to school or, on the days they were in school, pick seven-year-old C.J. and eight-year-old M.S. up at the end of the school day. Subsequently, the DHHR interviewed the children, they disclosed that petitioner regularly abused drugs in their presence and that petitioner and her boyfriend engaged in domestic violence in their presence. Finally, the children stated that petitioner instructed them not to disclose to anyone what happened in the home or they would be placed in foster care where they "kill children."

In February of 2016, the circuit court held an in-camera hearing wherein both children appeared with the guardian. M.S. testified that petitioner failed to pick the children up at the bus stop after school on multiple occasions. She also testified that petitioner took "afternoon naps" and that she had to shake petitioner "really hard" to wake her up. She further described

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

petitioner's daily drug use in detail, including describing petitioner's intravenous drug use. C.J. also testified and corroborated her sister's testimony. Also in February of 2016, the circuit court held a preliminary hearing wherein petitioner denied the allegations in the petition. A police officer testified that he returned the children to the home after petitioner failed to pick them up from the bus stop after school. He testified that after several knocks on the front door, petitioner's boyfriend answered the door and exhibited glassy eyes and slurred speech. Based on the evidence presented, the circuit court found that the children were in imminent danger at the time of their removal and ordered that they remain in the DHHR's custody.

In March of 2016, the circuit court held an adjudicatory hearing wherein it considered the testimony previously adduced at the preliminary hearing and in-camera hearings. Based on the evidence presented, the circuit court found that petitioner abused and neglected the children. The circuit court ordered that petitioner participate in in-home parenting training, submit to random drug screens, and undergo a psychological evaluation. Following the adjudicatory hearing, petitioner filed a written motion for a post-adjudicatory improvement period.

In August of 2016, the circuit court held a dispositional hearing wherein it addressed petitioner's motion for a post-adjudicatory improvement period. A DHHR worker testified that petitioner failed to participate in services, except for the psychological evaluation. The worker also testified that petitioner failed to cooperate with in-home parenting services, was "often asleep when the provider arrived," and, on some occasions, refused to get out of bed to participate in services. The worker further testified that petitioner impeded the random drug screening process by reporting to the local day report center armed with a taser. As a result of the incident, she was banned from the day report center. According to the worker, she scheduled random drug screens through the Drug Test Centers of America but petitioner refused to test at the facility because she claimed it was too far for her to travel. The worker testified that petitioner had not visited with the children for several months because clean drug screens were a prerequisite to visitation.

Petitioner's psychological evaluation report was also admitted into evidence. According to the evaluator's report, petitioner denied all of the allegations of abuse and asserted that the DHHR, the guardian, and the children all "lied" about the drug abuse and domestic violence allegations. The evaluator concluded in his report that petitioner refused to acknowledge the allegations of abuse and would not benefit from services because she "sees no need for them." Petitioner denied the allegations of abuse and testified that she "had no issues to correct." As such, the circuit court found that there was no reasonable likelihood petitioner could substantially correct the conditions of abuse and neglect, denied her motion for a post-adjudicatory improvement period, and terminated her parental rights to the children.[2] It is from that August 17, 2016, dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

_____

[2]The parental rights of both parents of C.J. and M.S. were terminated below. The guardian states that the children were placed with their maternal aunt and uncle and that the permanency plan is adoption therein.

2

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the circuit court's denial of petitioner's motion for a post-adjudicatory improvement period.[3]

Petitioner argues that the circuit court erred in denying her motion for a post-adjudicatory improvement period. In support of her argument, petitioner asserts that she was "seeing her therapist," attempting to gain admission to an outpatient drug rehabilitation program, and "willing to do anything" to maintain her parental rights. Upon our review, however, the Court finds that petitioner failed to satisfy the applicable burden to obtain an improvement period. We have often noted that the decision to grant or deny an improvement period rests in the sound discretion of the circuit court. *See In re: M.M.*, 236 W.Va. 108, 115, 778 S.E.2d 338, 345 (2015) (stating that "West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period"); Syl. Pt. 6, in part, *In re Katie S.*, 198 W.Va. 79, 81, 479 S.E.2d 589, 591 (1996) (holding that "[i]t is within the court's discretion to grant an improvement period within the applicable statutory requirements").We have also held that a parent's "entitlement to an improvement period is conditioned upon the ability of the [parent] to demonstrate 'by clear and convincing evidence, that the respondent is likely to fully participate in the improvement period . . . .'" *In re: Charity H.*, 215 W.Va. 208, 215, 599 S.E.2d 631, 638 (2004).

Here, it is clear from the record on appeal that petitioner failed to demonstrate her ability to fully participate in an improvement period. Petitioner has a history of drug abuse and domestic violence. The circuit court was presented with evidence that petitioner refused to participate in services to address these issues because she believed that she had no parenting issues to correct. Petitioner's own testimony supports the circuit court's finding that she was unlikely to make a

---

[3]On appeal to this Court, petitioner raises no assignment of error in regard to the circuit court's termination of her parental rights. As such, beyond affirming the circuit court's termination of parental rights as set forth in the dispositional order on appeal, this memorandum decision does not specifically address this issue.

meaningful change with regard to her parenting issues given that she denied the allegations at the dispositional hearing and stated that she had no parenting issues to correct. It is clear from the record that petitioner failed to accept responsibility for her actions and their impact on the children. Because she refused to submit to random drug screens, petitioner did not visit the children for months. "Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense." *In re Timber M.,* 231 W.Va. 44, 55, 743 S.E.2d 352, 363 (2013) (quoting *Charity H.,* 215 W.Va. at 217, 599 S.E.2d at 640). As such, it is clear that petitioner failed to establish that she was likely to fully participate in a post-adjudicatory improvement period and we find no error in the circuit court denying petitioner's motion. Accordingly, we find no error below.

For the foregoing reasons, we find no error in the decision of the circuit court, and its August 17, 2016, order is hereby affirmed.

Affirmed.

**ISSUED**:  May 22, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

4